**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

SUZANNE HARPER,

      Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Suzanne Harper is a natural person.

8.      The Plaintiff resides in the City of Wheat Ridge, County of Jefferson, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Stellar Recovery, Inc. is a Florida corporation operating from an address at 4500 Salisbury Road, Suite 105, Jacksonville, Florida, 32216.

12.     The Defendant's registered agent in the state of Colorado is Business Filings Incorporated, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.   Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Comcast (hereinafter the "Account").

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with Comcast.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's account # 11305967.

22.   The Plaintiff disputes the Account.

23.   The Plaintiff requests that the Defendant cease all further communication on the Account.

24.   The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

25.   The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

26.   The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s).

27.   In 2014 the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28.   On July 10, 2014 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its agent.

29.   During the telephone conversation(s) on July 10, 2014 between the Defendant and the Plaintiff regarding the Account the Defendant discussed the Account including stated the balance due on the Account to Comcast.

30.   During the telephone conversation(s) on July 10, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

31.   During the telephone conversation(s) on July 10, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

32.   During the telephone conversation(s) on July 10, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

33.   During the telephone conversation(s) on July 10, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

34.   The Defendant was aware that the Account is disputed on July 10, 2014.

35.   The Defendant was informed that the Account is disputed on July 10, 2014.

36.     After July 10, 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion, credit reporting agencies.

37.     After July 10, 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant did not communicate to Experian, Equifax and Transunion that the Account was disputed.

38.     The information communicated to Experian, Equifax and Transunion by the Defendant after July 10, 2014 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and Transunion.

39.     The information communicated regarding the Account by the Defendant to Experian, Equifax and Transunion after July 10, 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

40.     The Defendant communicated the information regarding the Account after July 10, 2014 to Experian, Equifax and Transunion in connection with the collection of the Account.

41.     Upon information and belief in 2014 and/or 2015 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian, Equifax and Transunion.

42.    Upon information and belief in 2014 and/or 2015 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian, Equifax and Transunion.

43.    Upon information and belief in 2014 and/or 2015 the Defendant reported information to Experian, Equifax and Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

44.    The telephone conversation(s) in July 10, 2014 between the Plaintiff and the Defendant and / or employee(s) and/or agent(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

45.    The telephone conversation(s) in July 10, 2014 between the Plaintiff and the Defendant and / or employee(s) and/or agent(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

46.    On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff in July 10, 2014.

47.    On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in July 10, 2014.

48.     On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2014 and/or 2015.

49.     On information and belief the Defendant has a copy and/or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2014 and/or 2015.

50.     On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2014 and/or 2015.

51.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2014 and/or 2015.

52.     On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2014 and/or 2015 substantiate the Plaintiff's allegations in this action.

53.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion regarding the Account.

54.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information

that it provided to Experian, Equifax and Transunion regarding the Account after June 2014.

55.     The Defendant did not communicate to Experian, Equifax and Transunion that the Account is disputed on or before June 25, 2015.

56.     After July 10, 2014 the Defendant communicated information regarding the Account to Comcast.

57.     After July 10, 2014 the Defendant communicated to Comcast the balance on the Account.

58.     After July 10, 2014 the Defendant communicated to Comcast that a payment had been made on the Account.

59.     After July 10, 2014 when the Defendant communicated information regarding the Account to Comcast the Defendant did not communicate to Comcast that the Account was disputed.

60.     The information regarding the Account communicated to Comcast by the Defendant after July 10, 2014 conveyed information regarding the Account directly or indirectly to Comcast.

61.     The information regarding the Account communicated to Comcast after July 10, 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

62.     The Defendant communicated the information regarding the Account after July 10, 2014 to Comcast in connection with the collection of the Account.

63. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Comcast regarding the Account.

64. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Comcast regarding the Account after June 2014.

65. The Defendant's statement(s) and/or action(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

66. Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

67. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

68. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

69.    As a consequence of the Defendant's action(s) in the year prior to the filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

70.    The previous paragraphs are incorporated into this Count by reference.

71.    The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

72.    Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.      Judgment in favor of the Plaintiff and against the Defendant.

2.      Damages pursuant to 15 U.S.C. § 1692k(a).

3.      Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.      Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff