IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 15-cv-01357-LTB-MJW

SUZANNE HARPER,

    Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

    Defendant.
_____

**ORDER**
_____

    This Fair Debt Collection Practices Act ("FDCPA") case is before me on Plaintiff Suzanne Harper's Motion for Attorney's Fees [Doc. # 13]. Her motion follows the Court's entry of judgment against Defendant Stellar Recovery, Inc. I have reviewed the motion, Defendant's response [Doc. # 15], Plaintiff's reply [Doc. # 16], and all exhibits thereto. Oral argument would not materially assist me in determining this motion. As set forth below, I **GRANT IN PART** and **DENY IN PART** the motion and award Plaintiff $3,390.00 of the $4,725.00 in attorney's fees that she has requested.

**I. Background**

    On June 25, 2015, Plaintiff filed her complaint, in which she alleged that Defendant violated the FDCPA, 15 U.S.C. § 1692, *et seq*., and sought damages, costs, and attorney's fees. Doc. # 1. On August 11, 2015, Defendant made an offer of judgment under Federal Rule of Civil Procedure 68 in the amount of $1000.01 plus costs and reasonable attorney's fees. Doc. # 9-1. The offer provided that the Court would determine reasonable attorney's fees if the

parties were unable to reach agreement. *Id.* On August 21, 2015, Plaintiff accepted the offer. Doc. # 9. The Court entered judgment against Defendant. Doc. # 11. The parties stipulated to $470.00 in costs but have been unable to reach agreement as to the amount of attorney's fees to be awarded. Doc. # 12.

## II. Law

The FDCPA allows a prevailing plaintiff to recover costs and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The "lodestar" amount of fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assocs.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The lodestar is a "presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo*, 616 F.3d at 1102 (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010)). "The burden of proving the claimed number of hours and rate is on the applicant." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The "determination of fees should not result in a second major litigation." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). The goal is to "do rough justice, not to achieve auditing perfection." *Id.* Accordingly, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

## III. Analysis

### A. Hourly Rate

The court determines an attorney's reasonable hourly rate by looking to the "prevailing market rate in the relevant community" for "similar services by lawyers of reasonably

comparable skill, experience and reputation." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). Plaintiff has been represented by attorney David M. Larson in this case. She argues that his reasonable hourly rate is $350. Defendant urges an hourly rate of $250.

It is undisputed that Mr. Wynkoop has been in practice for 14 years and has litigated over 2,300 FDCPA matters in this Court. Mot. at 9-10 [Doc. # 13]. Plaintiff has submitted an affidavit from Richard Wynkoop, Esq., a fellow "consumer law" practitioner in Colorado who is familiar with Mr. Larson's skill, experience, and reputation in the legal community. Wynkoop Aff. ¶¶ 5-7 [Doc. # 13-2]. Mr. Wynkoop notes that Mr. Larson is "known nationally as a leading practitioner in the field of [FDCPA] litigation and has taught at numerous national CLEs on the FDCPA." *Id.* ¶ 8. Mr. Wynkoop opines that $350 per hour is "consistent with the prevailing market rates charged by similarly qualified attorneys" in the Denver metropolitan area. *Id.* ¶ 14.

Defendant has submitted no affidavits or declarations contradicting Mr. Wynkoop's affidavit. Rather, Defendant notes that I and other judges of this Court have in the past found that Mr. Larson's reasonable hourly rate is $250 per hour. *See, e.g., Alexander v. Stellar Recovery, Inc.*, No. 13-CV-02280-LTB-MJW, 2014 WL 2993654, at *2 (D. Colo. July 3, 2014); *Segura v. Midland Credit Mgmt., Inc.*, No. 12-CV-00830-PAB-BNB, 2013 WL 560702, at *2 (D. Colo. Feb. 14, 2013); *Varley v. Midland Credit Mgmt., Inc.,* No. 11-CV-02807-REB-MJW, 2012 WL 2107969, at *1 (D. Colo. June 11, 2012). Plaintiff responds that this practice dates back to at least 2008 and submits that Mr. Larson's reasonable hourly rate has increased to $350 per hour since that time. *See* Order [Doc. # 18], *Babeon v. Nat'l Action Fin. Servs., Inc.*, No. 08-cv-00027-JLK-CBS (D. Colo. June 12, 2008).

A "district court abuses its discretion when it ignores the parties' market evidence and sets an attorney's hourly rate using the rates it 'consistently grants.'" *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1255 (10th Cir. 1998) (citation and brackets omitted). With that in mind, and for the following reasons, I find that the midpoint between the parties' proposed rates—$300 per hour—is the prevailing market rate for someone with Mr. Larson's experience and skill to handle an FDCPA matter like this one. *See id.* at 1257 (district court may fix hourly rates "in accordance with" evidence submitted by either party, may "arrive[] at a compromise" between competing evidence, or may "set the rates according to other competent market evidence").

First, it is undisputed that Mr. Larson has extensive knowledge and experience with regard to FDCPA matters. According to Mr. Wynkoop and a former magistrate judge of this Court, Mr. Larson is a leading practitioner in the field. *See King v. Midland Credit Mgmt., Inc.*, No. 11-CV-02808-CMA-BNB, 2012 WL 3590788, at *2 (D. Colo. Mar. 1, 2012) (noting that Mr. Larson "remains the premier lawyer in matters involving the FDCPA"), *report and recommendation adopted as modified*, 2012 WL 3590787 (D. Colo. Aug. 20, 2012). Second, a recent survey found the median hourly rate for consumer law attorneys in the Denver area to be $300. *See* Ronald L. Burdge, U.S. Consumer Law Att'y Fee Survey Rep. 2013-14, at 83, *available at* https://www.nclc.org/images/pdf/litigation/fee-survey-report-2013-2014.pdf. Surveyed attorneys had been in practice a median of 12 years, similar to Mr. Larson. *Id.*; *see also Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-CV-01019-PAB-BNB, 2013 WL 2295449, at *7 (D. Colo. May 24, 2013) (relying on prior edition of survey to fix hourly rate at $250 in FDCPA matter); *Andalam v. Trizetto Grp.*, No. 12-CV-01679-WYD-MJW, 2013 WL

4

5952012, at *3 (D. Colo. Nov. 7, 2013) (same). Finally, another judge of this Court has approved a "partner rate of $300 per hour" in an FDCPA case, and Mr. Larson has a comparable level of experience. *See Reynolds v. Procollect, Inc.*, No. 12-CV-2484-WJM-BNB, 2013 WL 3786645, at *3 (D. Colo. July 19, 2013). Accordingly, I find that $300 is the reasonable hourly rate for Mr. Larson's services in this matter. I now turn to the second part of the lodestar calculation and ask how much of the time he expended on this case was reasonable.

## B. Hours Expended

Time entries provided by Plaintiff indicate that Mr. Larson spent 11.5 hours working on this case, including time spent working on the instant motion. Doc. # 13-1. Plaintiff also seeks an additional 2.0 hours for time Mr. Larson spent working on the instant reply, bringing her total request to 13.5 hours. Reply at 10 [Doc. # 16]. Defendant argues that 6.0 hours is a more reasonable overall figure and makes several arguments in support of limiting the fee award. I address these arguments in turn.

First, Defendant argues that several entries are unreasonable in light of the regularity with which Mr. Larson litigates FDCPA cases and the fact that he has filed documents here that resemble those he typically files. Specifically, Defendant objects to the 3.6 hours that Mr. Larson spent meeting with Plaintiff, listening to an audio recording, reviewing seven credit reports, reviewing telephone records, and reviewing correspondence between the parties; the 1.7 hours he spent working on the complaint; the 1.4 hours he spent working on the instant motion; and the 2.0 hours he spent working on the instant reply. Doc. # 13-1 at 1, 3. These entries comprise the majority of the time Mr. Larson spent on this case. I find these entries somewhat excessive in view of the efficiency Mr. Larson should be expected to achieve given his skill and

experience in handling FDCPA matters, as I have recognized above. Further, Mr. Larson exercised "billing discretion" and reduced his total hours billed by 1.4 hours in a recent FDCPA case before me, but has not done so here. *See Rodriguez v. Midland Credit Mgmt., Inc.*, No. 14-CV-01289-LTB-BNB, 2015 WL 1186678, at *2 (D. Colo. Mar. 12, 2015). That case involved similar issues and similar time entries. In addition, the entry in this case for 3.6 hours has been "block billed," making it impossible for me to determine how much time Mr. Larson spent on each task included in the entry. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998) (noting that the "district court quite appropriately expressed concern about the use of 'block billing' practices"). To account for these issues, I find it appropriate to make a reduction of 1.5 hours.

Second, Defendant takes issue with several entries of .1 hours each for reviewing "routine documents [filed] via the CM/ECF system, most of which are entered in virtually every case," including a return of service and the judgment. Resp. at 10 [Doc. # 15]. These entries are appropriate. Counsel have a responsibility to be apprised of docket entries, even "routine" ones, and billing six minutes for reviewing each document is not excessive. *See Anchondo*, 616 F.3d at 1106 ("We fail to see an abuse of discretion in allowing an allotment of six minutes to the review of even single-page documents."). I note that Mr. Larson has taken care to bill in tenth-hour increments, which other courts have recognized is the "most precise billing approach." *Bd. of Educ. of Frederick Cnty. v. I.S. ex rel. Summers*, 358 F. Supp. 2d 462, 470 (D. Md. 2005); *Am. Civil Liberties Union v. U.S. Dep't of Homeland Sec.*, 810 F. Supp. 2d 267, 279 (D.D.C. 2011).

Third, Defendant objects to Mr. Larson's billing for tasks that it describes as "clearly administrative in nature." Resp. at 11 [Doc. # 15]. Defendant appears to focus on several entries

of .1 hours apiece for "writ[ing] letters [to Plaintiff] after phone calls" and "sending defense counsel emails with documents attached." *Id.* at 10-11.  To be sure, "non-compensable clerical or administrative tasks" include such things as "e-filing court documents, converting documents into PDFs, and sending emails to the Court regarding service of process." *Howard v. Midland Credit Mgmt., Inc.*, No. 11-CV-03123-PAB-BNB, 2012 WL 4359361, at *4 (D. Colo. Sept. 24, 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).  But Mr. Larson did not bill for such tasks here.  Drafting correspondence to one's client is not necessarily a clerical task.  And it is common practice for an attorney to memorialize a phone conversation with a letter.  This would seem particularly appropriate in a consumer case like this one.  *See Rodriguez*, 2015 WL 1186678, at *2 (noting that "[c]onsumer cases, like this one, frequently involve unsophisticated clients who require additional efforts by a lawyer to explain the workings of the judicial process") (citation omitted).  Similarly, the drafting of correspondence to opposing counsel is not necessarily a clerical task.  The fact that Mr. Larson attached documents to some of the emails in question does not change this fact; as any computer user knows, attaching a document to an email typically takes mere seconds.  There is no indication to the contrary here.  Indeed, Mr. Larson billed only .1 hours for each of the emails to which Defendant has objected.  Accordingly, Defendant's argument is without merit.

Finally, Defendant contests an August 18, 2015 time entry for 1.4 hours reflecting that shortly after Defendant served its offer of judgment, Mr. Larson conferred with his client "re case," listened to an audio recording with her, reviewed case law regarding offers of judgment with her, and reviewed her current credit reports.  Doc. # 13-1 at 2.  Defendant argues that these tasks were duplicative and unreasonable.  I agree with respect to the audio recording.  The

billing records reflect that Mr. Larson had already reviewed the recording on June 22, 2015. Doc. # 13-1 at 1. In addition, the records reflect that Mr. Larson had already communicated with his client, both by phone and by mail, regarding the offer of judgment, suggesting some repetition of efforts at the meeting. *Id.* at 2. I disagree that a review of updated credit reports was unnecessary; to the contrary, and as Plaintiff argues, it would seem prudent for counsel to ensure the reports had not changed and that Plaintiff had no additional claims against Defendant before accepting an offer of judgment. Further, it was reasonable for Mr. Larson to explain case law regarding offers of judgment to his client. Again, however, Mr. Larson has block billed these tasks, so I must estimate the amount of time spent on the redundancies I have identified. I conclude that a reduction of .7 hours from the 1.4 hours that Mr. Larson billed is appropriate.

I note that I and other judges in this District have made comparable reductions to Mr. Larson's requested fees in other FDCPA matters. *See White v. Cavalry Portfolio Servs., LLC*, No. 11-CV-02217-LTB-KLM, 2012 WL 899280, at *1, 5 (D. Colo. Mar. 16, 2012) (reducing the requested 13.4 hours to 9.9 hours); *Alexander*, 2014 WL 2993654, at *2, 4 (reducing 54.9 hours to 45.8 hours); *Varley*, 2012 WL 2107969, at *1, 2 (reducing 12.5 hours to 7.5 hours); *Feder v. Midland Credit Mgmt., Inc.*, No. 11–cv–02872–JLK, 2012 WL 266417, at *1 (D. Colo. Jan. 30, 2012) (reducing 11.9 hours to 8 hours).

**C.  Lodestar Amount**

For the reasons set forth above, I find that Mr. Larson reasonably expended 11.3 hours on this case. This reflects the 13.5 hours sought less the 2.2 hours in reductions outlined above. 11.3 hours multiplied by Mr. Larson's reasonable hourly rate of $300.00 results in a lodestar amount of $3,390.00. The parties have not identified, and I do not perceive, any reason to

deviate from the lodestar amount. *See Perdue,* 559 U.S. at 553 (noting that "the burden of proving that an enhancement is necessary must be borne by the fee applicant . . . [and] a fee applicant seeking an enhancement must produce specific evidence that supports the award") (internal quotations and citation omitted). Accordingly, I award Plaintiff $3,390.00 in attorney's fees.

### IV.  Conclusion

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees [Doc. # 13] is **GRANTED** to the extent that Plaintiff is awarded $3,390.00 in attorney's fees, and is otherwise **DENIED**.

DATED: November   16  , 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE